UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL WEST, *Plaintiff*, | ) ) ) | 3:23-cv-1020 (SVN) |
| v. | ) ) | |
| CITY OF HARFORD, *Defendant*. | ) ) | May 10, 2024 |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

In this employment discrimination action, Plaintiff Paul West alleges that his employer, the City of Hartford, discriminated against him on the basis of his race and disability. Plaintiff, who is proceeding *pro se*, was required to file his federal complaint within ninety days of receiving a right-to-sue letter from the Equal Employment Opportunities Commission ("EEOC"), and it is undisputed that he submitted the present complaint to the Court within this timeframe. Plaintiff did not, however, pay the filing fee or move for leave to proceed *in forma pauperis* at the time of filing; instead, he ultimately paid the filing fee after the ninety-day period had elapsed. Defendant moves to dismiss the complaint as untimely, contending that it was not actually commenced, or deemed filed, until Plaintiff paid the filing fee. For the reasons described below, the Court disagrees with Defendant, and DENIES its motion to dismiss.

**I.    RELEVANT FACTUAL BACKGROUND**

Plaintiff is a current employee of the City of Hartford, working as a Lieutenant in the Hartford Police Department. Compl., ECF No. 1 at 2. Plaintiff's complaint was docketed by this Court on July 28, 2023. ECF No. 1. He alleges discrimination on the basis of race and color and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); discrimination based on disability in violation of the Americans with Disabilities Act of 1990 ("ADA"); and

intentional infliction of emotional distress.  In the complaint, Plaintiff alleges that he filed timely claims of discrimination with the EEOC and was granted a release of EEOC jurisdiction to pursue his claims in court on May 9, 2023.  ECF No. 1 at 2; May 9, 2023, Dismissal and Notice of Rights, ECF No. 1 at 19.

On July 28, 2023, the same day the complaint was docketed, the Clerk of Court issued an order stating as follows:

> We received your Complaint which has been assigned case number 23cv1020.  In order to proceed, the filing fee or a Motion for Leave to Proceed In Forma Pauperis must be submitted to the Court by 8/27/2023 or the case will be subject to dismissal.  Fee information and the Motion for Leave to Proceed In Forma Pauperis may be found on the Court's website at ctd.uscrouts.gov.  Dismissal due by 8/27/2023.

The docket reflects that Plaintiff paid the filing fee on August 22, 2023.  *See* Order, ECF No. 9.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The failure to timely file an employment discrimination complaint is appropriately considered on a Rule 12(b)(6) motion.  *See Torres v. Postmaster General*, No. 3:05-cv-1692 (JCH), 2006 WL 1525981, at *1 (D. Conn. 2006) (collecting cases).

The Court bears in mind that a *pro se* litigant's filings must be liberally construed to raise the strongest arguments they suggest.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v.*

*Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases regarding the "special solicitude" afforded to *pro se* litigants).[1]

### III.  DISCUSSION

The Court holds that Plaintiff timely commenced this action on July 28, 2023, even though he did not pay the filing fee until August 22, 2023.  Even if the action were not timely commenced, however, Plaintiff would be entitled to equitable tolling based on the Court's order allowing him until August 27, 2023, to pay the filing fee or move to proceed *in forma pauperis*.

#### A.  Timely Filing of Complaint

Under Title VII, an aggrieved person must first exhaust administrative remedies by filing a charge with the EEOC within either 180 or 300 days of the alleged unlawful employment practice, depending on the particular circumstances.  42 U.S.C. § 2000e-5(e)(1).  If the EEOC is unable to timely resolve the matter, it may provide a release of jurisdiction (colloquially known as a right-to-sue letter), and "a civil action may be brought" by the aggrieved person within ninety days of receipt of the letter.  *Id.* § 2000e-5(f)(1); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994).  The ninety-day filing requirement is "not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires."  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982).  The same timing requirements and equitable

---

[1] Defendant suspects that Plaintiff's opposition to its motion to dismiss was drafted with the assistance of Attorney Cynthia Jennings, who represented Plaintiff in the underlying EEOC proceeding and who witnessed the affidavit Plaintiff submitted with his opposition.  *See* Def.'s Reply, ECF No. 24 at 3 n.2.  Despite that Attorney Jennings has not appeared on behalf of Plaintiff in this matter, Defendant posits that Plaintiff should not be afforded the special solicitude typically offered to *pro se* litigants because he has likely been assisted by Attorney Jennings in this matter. The Second Circuit has recognized, in the context of an attorney discipline issue, that an attorney's ghostwriting of pleadings may provide a *pro se* party with an unfair advantage of liberal construction and may shield the ghostwriting attorney from the strictures of Rule 11.  *In re Fengling Lieu*, 664 F.3d 367, 369–73 (2d Cir. 2011).  It nonetheless concluded that discipline of the attorney was not warranted because of a split of authority on the issue.  *Id.* at 372–73. While the quality of Plaintiff's opposition brief was better than the Court has received from other *pro se* litigants, it cannot conclude, on the record before it, that it was *necessarily* drafted with the assistance of an attorney.  **Going forward, however, if Attorney Jennings or any other attorney assists Plaintiff with drafting documents submitted to the Court, the Court expects Plaintiff to indicate in the filing if the filing was prepared with the assistance of an attorney.**

tolling principles apply to claims brought under the ADA. 42 U.S.C. § 12117(a) (incorporating the procedures of 42 U.S.C. § 2000e-5 to claims alleging discrimination of the basis of disability); *Tompkins v. AlliedBarton Sec. Servs.*, 424 F. App'x. 42, 43 (2d Cir. 2011) (summary order).

The parties do not dispute that the ninety-day filing deadline in this case was August 7, 2023, and that Plaintiff submitted his complaint to the Court before that deadline. Nor do they dispute that Plaintiff did not pay the filing fee or move to proceed *in forma pauperis* until August 22, 2023. The question before the Court is thus whether the action is considered commenced, or deemed filed, only after Plaintiff paid the filing fee on August 22, 2023.

The Court concludes that Plaintiff timely filed his complaint on July 28, 2023. To start, Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." Rule 3 does not make commencement of the action dependent upon the payment of a filing fee or the filing of a motion for leave to proceed *in forma pauperis*; rather, it simply states that the action is commenced when it is filed with the Court. Under this straightforward reading of Rule 3, Plaintiff's action was commenced on July 28, 2023, even though he did not pay the filing fee until nearly a month later.

The statute requiring the payment of filing fees, 28 U.S.C. § 1914, likewise does not condition commencement of an action upon payment of the filing fee. Rather, it states that "[t]he clerk of each district court shall require *the parties instituting any civil action* . . . to pay a filing fee of $350." 28 U.S.C. § 1914(a) (emphasis added). A plain reading of this statute suggests that institution of a civil case is distinct from payment of the filing fee. In the ordinary course, a party would pay the filing fee when initiating the action. But the language of the statute does not condition institution of an action upon payment of the filing fee or state that an action shall not be considered commenced or instituted *until* the filing fee is collected.

4

The Court is aware that two of its sister district court's opinions could be read to suggest otherwise. To the extent that the statements Defendant relies on from these opinions are not simply *dicta*, the Court respectfully disagrees with its sister courts' reasoning. In *Peterkin v. Cicchiello*, No. 3:19-cv-810 (KAD), 2019 WL 3081064, at *1 (D. Conn. July 25, 2019), Judge Dooley was not squarely presented with the precise question posed by the parties here. Rather, in the context of initial review of a prisoner's complaint under 28 U.S.C. § 1915A filed in the names of both the prisoner and his wife, the court stated that "to commence an action, the plaintiffs must pay the filing fee or each plaintiff must submit an application to proceed *in forma pauperis*." *Id.* The court cited to 28 U.S.C. § 1914(a) to support this statement. *Id.* As noted above, the Court disagrees that section 1914(a) is read in this manner. In any event, *Peterkin* involved the dismissal of the prisoner's wife from the action for an independently sufficient reason: the prisoner, as a *pro se* litigant, could not represent his wife's interests. Because his wife did not sign the complaint, she was not a proper party. *Id.* As this reason would have independently supported the dismissal in that case—and, indeed, was addressed first by the court—the court's interpretation of section 1914(a) was merely *dicta*. *See id.*

*Avillan v. Donahue*, No. 12 Civ. 3370 (AJN), 2013 WL 12084502 (S.D.N.Y. Feb. 15, 2013), is similarly inapposite. There, then District Judge Nathan addressed an employment discrimination complaint that was dated April 27, 2012, and stamped as filed that day, but which the plaintiff claimed had been filed with the court on April 18, 2012 (which would have rendered it timely). *Id.* at *2. The court first found the plaintiff's explanation that he had timely filed the complaint on April 18 "implausible," effectively holding that the complaint was untimely filed. The court went on to conclude that, in any event, the complaint was not deemed filed until the

filing fee was paid on April 27, 2012. *Id.* at *2. Insofar as the court had already concluded the complaint was untimely, the latter statement was *dicta*.

But even if it was not, the Court is neither bound by *Avillan* nor convinced by its reasoning. In holding that the complaint was not deemed filed until the filing fee was paid, the court relied on Federal Rule of Civil Procedure 5(e)—which at the time defined "filing as being accomplished when pleadings and other papers are filed with the Clerk of Court"—and a Southern District of New York Local Civil Rule providing that "[t]he Clerk shall not be required to render any service for which a fee is prescribed by the statute . . . unless the fee for the particular service is paid to the Clerk in advance or the Court orders otherwise." *Id.* (citing S.D.N.Y. Local Civ. Rule 1.7(a)). Neither of these authorities are controlling here. The version of the Federal Rules of Civil Procedure applicable in July and August of 2023 does not contain Rule 5(e), so it is not a source of applicable authority for this case. Insofar as the language of old Rule 5(e) is now incorporated into Rule 5(d)(2), it supports this Court's view that a paper is "filed" when it is "deliver[ed] . . . to the clerk." Thus, Plaintiff's delivery of the complaint to the Clerk's Office renders it "filed" under the Federal Rules.

Moreover, the District of Connecticut's Local Civil Rules do not contain a provision stating that the Clerk need not render any service for which a fee is prescribed until the fee is paid. Rather, this Court's Local Civil Rule 3, governing the "Commencement of Action," suggests that only a complaint or other initiating document is required to commence an action in this District. For example, Local Civil Rule 3(a) describes how "[a]ny complaint or other document *initiating a proceeding* filed in this Court" is to be submitted either electronically, or in paper form. Local Civil Rule 3(c) more obliquely provides: "When the petitioner or movant has sufficient funds, his or her petition for writ of *Habeas Corpus* must be accompanied by the statutory fee." The Court

6

does not read this Local Rule to suggest that an action that has been filed is not deemed commenced until the filing fee is paid. Therefore, *Avillan* is distinguishable from the present case.[2]

For these reasons, the Court holds that Plaintiff timely commenced this action on July 28, 2023, when it was docketed.

      B. <u>Equitable Tolling</u>

Even if Plaintiff's complaint were considered untimely, however, Plaintiff is entitled to equitable tolling because he acted diligently to pursue his judicial remedies and reasonably relied on the Court's order allowing him to move for leave to proceed *in forma pauperis* or pay the filing fee by August 27, 2023.

As the Supreme Court has made clear, the timing requirements of Title VII—and, by extension, the ADA—are subject to "tolling when equity so requires." *Zipes*, 455 U.S. at 398. The Supreme Court has contrasted situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," and those involving "late filings where the claimant failed to exercise due diligence in preserving his legal rights"—allowing non-jurisdictional deadlines to be equitably tolled in the former category of cases but not the latter. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). Recognizing that equitable tolling is appropriate in "rare and exceptional circumstances," the Court must consider whether Plaintiff has acted with reasonable diligence during the time period he seeks to have tolled and has proven that the

---

[2] *Avillan* was affirmed by the Second Circuit in a brief summary order, which simply concluded that the "appeal is without merit substantially for the reasons articulated by the district court in its well-reasoned order." *Avillan v. Donahue*, 568 F. App'x 73, 74 (2d Cir. 2014) (summary order). Under Second Circuit Local Rule 32.1.1, rulings by summary order "do not have precedential effect." Moreover, as the district court's statements about the complaint being deemed filed only when the filing fee was paid are arguably *dicta*, and the Second Circuit did not directly address the particular issue of when the action commenced, the Court does not consider the affirmance binding authority.

7

circumstances are "so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80–81 (cleaned up).

Here, the Court can easily find that Plaintiff actively pursued his judicial remedies during the statutory period, as he filed his complaint within ninety days of receiving his right-to-sue letter. His failure to pay the filing fee or file a motion to proceed *in forma pauperis* at the time he filed his complaint is akin to the filing of a timely, but defective pleading—suggesting that equitable tolling is appropriate. *See Irwin*, 498 U.S. at 96; *Zerilli-Edelglass*, 333 F.3d at 80. Under somewhat similar circumstances, the Second Circuit has deemed an employment discrimination complaint timely filed where the complaint was received by the district court before the ninety-day deadline but was not docketed by the Clerk's Office until after the litigant's motion to proceed *in forma pauperis* was granted. *See Toliver v. Cnty. Of Sullivan*, 841 F.2d 41, 42 (2d Cir. 1988). The logic of *Toliver* compels the same result here. The action was considered commenced upon initial receipt, before the issue of the outstanding filing fee was addressed.

Further, Plaintiff reasonably relied on the Court's order affording him until August 27, 2023, to pay the filing fee or file for *in forma pauperis* status. His affidavit establishes that, during that timeframe, he acted with reasonable diligence in considering whether he would be eligible to proceed *in forma pauperis*. *See* West Aff., ECF No. 21 at 7. While he perhaps could have done so more expeditiously, it is not unreasonable for a *pro se* litigant to assume, based on the Court's order allowing him until August 27 to take action, that he could in fact take until that date. And, indeed, he paid the filing fee five days earlier than the deadline the Court had imposed, adding an extra measure of diligence.

8

The Court further finds that this situation is extraordinary, in that the Court's order reasonably led Plaintiff to believe that he could avoid dismissal if he paid the filing fee by August 27. This far from a "garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96.

Thus, even if Plaintiff's complaint were deemed untimely, application of equitable tolling principles would allow it to proceed as if it were timely filed.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is DENIED.

**Going forward, if Attorney Jennings or any other attorney assists Plaintiff with drafting documents submitted to the Court, the Court expects Plaintiff to indicate in the filing if the filing was prepared with the assistance of an attorney.**

**SO ORDERED** at Hartford, Connecticut, this 10th day of May, 2024.

                                                                      */s/ Sarala V. Nagala*
                                                                       SARALA V. NAGALA
                                                                       UNITED STATES DISTRICT JUDGE