```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

PAUL WEST,                          :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :   CASE NO. 3:23-cv-1020(SVN)
                                    :
CITY OF HARTFORD,                   :
                                    :
     Defendant.                     :
```

### Ruling on Plaintiff's Motion for Protective Order

Plaintiff, Paul West, filed this employment discrimination case against his former employer, the City of Hartford. Plaintiff alleges that the defendant discriminated against him in relation to a promotional opportunity at the City of Hartford Police Department and during a medical leave. (Dkt. #1 at 2-8.) Plaintiff asserts claims of racial discrimination, retaliation, disability discrimination, and intentional infliction of emotional distress. (Dkt. #1 at 8-11.)

Currently pending before the court is plaintiff's motion for a protective order. (Dkt. #48.) Plaintiff seeks a protective order which would prohibit Lieutenant Brian Bowsza of the Hartford Police Department from attending plaintiff's continued deposition. For the reasons set forth below, plaintiff's motion is DENIED.

1

I.  BACKGROUND

In his motion for a protective order, plaintiff states that Lt. Bowsza was present during plaintiff's previously noticed deposition. (Dkt. #48.)  Plaintiff asserts that Lt. Bowsza is not an attorney, is not a party, and is a potential witness.[1] Plaintiff's counsel indicates that based on these facts, he requested that Lt. Bowsza leave the deposition, but defense counsel declined the request. Plaintiff argues that Lt. Bowsza should be excluded from plaintiff's continued deposition under Rule 615 of the Federal Rules of Evidence. Plaintiff also argues that Lt. Bowsza should be excluded from the continued deposition because his presence caused "concern" to plaintiff.

In response to the motion for a protective order, defendant argues that FRE 615 does not apply to pretrial depositions and that plaintiff has failed to establish "good cause" for a protective order under Rule 26 of the Federal Rules of Civil Procedure. (Dkt. #55 at 3.) More specifically, defendant asserts that plaintiff has failed to articulate any cause, beyond stating the above referenced "concern."  Defendant argues that this vague concern is insufficient to show that plaintiff would

---

[1] Defendant asserts that "Plaintiff has never identified Lieutenant Bowsza as a potential witness in his Complaint, initial disclosures, or any discovery nor has Plaintiff ever sought to notice Lieutenant Bowsza's deposition." (Dkt. #55 at 4.).  The Court need not determine if Lt. Bowsza is a potential witness to resolve the pending motion for a protective order.

2

be subject to the annoyance, embarrassment oppression, or undue burden that is required to be shown under Rule 26(c)(1). Further, defendant argues that it is entitled to have a party representative at the deposition and there is no requirement for the party representative to be an attorney or an individual authorized to bind the defendant in litigation. (Dkt. #55 at 5.)

Plaintiff filed a reply to defendant's objection. The reply incorporates an additional response to defendant's pending motion for sanctions and further addresses plaintiff's "concern" regarding Lt. Bowsza's potential attendance at the continued deposition. (Dkt. #56 and #57.) In the reply, plaintiff argues that Lt. Bowsza should be excluded from the continued deposition because he is one of plaintiff's former colleagues, occupies the same rank as plaintiff, has an alleged history of racist and inflammatory social media activity, and might share or spread personal information that he obtains during the deposition. (Dkt. #56 at 9.)

## II. STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides that any person from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id.

"Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)(quoting Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir.2005)). "To establish 'good cause' under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.... Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Burgess v. Town of Wallingford, No. 3:11-CV-1129 (CSH), 2012 WL 4344194, at *6 (D. Conn. Sep. 21, 2012)(citations and quotation marks omitted). "If the moving party establishes good cause for protection, 'the court may balance the countervailing interests to determine whether to exercise discretion and grant the order.'" Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006)(quoting Rofail v. U.S.A., 227 F.R.D. 53, 55 (E.D.N.Y. 2005)).

A court is given broad discretion regarding whether to issue a protective order under Rule 26(c). Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir.1992).

### III. DISCUSSION

As the movant, plaintiff bears the burden of establishing good cause for the protective order. *See* Dagley v. Blake, No.

4

3:05CV506 (RNC), 2006 WL 8469474, at *1 (D. Conn. July 26, 2006) ("[t]he party seeking a protective order pursuant to Fed. R. Civ. P. 26(c) has the burden of demonstrating that good cause exists for issuance of the order.").

To the extent that plaintiff argues that Lt. Bowsza should be excluded from the continued deposition pursuant to FRE 615, plaintiff's motion fails to cite any authority for the proposition that FRE 615 applies to a pretrial deposition.[2] The case law within the Second Circuit holds otherwise. *See* Guillebeaux v. H.E.L.P. Homeless Services Corp., No. 19CIV1744(LAP)(SLC), 2020 WL 4731420, at *3 (S.D.N.Y. Aug. 14, 2020)(noting that FRE 615 does not provide a basis for the exclusion of a party's designated representative); Campinas Found. v. Simoni, No. 02 CIV. 3965 (BS)(JKNF), 2004 WL 2709850, at *3 (S.D.N.Y. Nov. 23, 2004)(stating that FRE 615 "is not applicable to pretrial deposition proceedings."). Additionally, the 1993 Amendment to Rule 30(c) of the Federal Rules of Civil

---

[2] FRE 615 states, in relevant part, "(a) **Excluding Witnesses**. At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding (1) a party who is a natural person; (2) one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney; any person whose presence a party shows to be essential to presenting the party's claim or defense; or (4) a person authorized by statute to be present."

5

Procedure made clear that FRE 615 does not apply to this situation. As the advisory committee notes indicate,

> the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party.

Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment. Instead, the advisory committee notes state that exclusion can be ordered under Rule 26 of the FRCP when appropriate. Id. Therefore, the Court is not persuaded by plaintiff's argument regarding FRE 615.

As for plaintiff's "concern" about Lt. Bowsza, although the motion for protective order does not explain why Lt. Bowsza's presence has caused plaintiff to be concerned, plaintiff's Memorandum in Opposition to Defendant's Motion for Sanctions articulates the alleged concerns. In that pleading, plaintiff notes that Lt. Bowsza had the same rank as plaintiff when he was employed by the Hartford Police Department. (Dkt. #56 at 9.) Plaintiff argues that "[h]aving a colleague of equal rank present while being questioned about sensitive employment matters could reasonably make any deponent uncomfortable and less willing to testify freely." (Dkt. #56 at 9.)  Such a generalized concern is insufficient to meet plaintiff's burden

6

under Rule 26(c). Plaintiff has not provided any specific information regarding the prior working relationship between plaintiff and Lt. Bowsza or whether there is anything specific about that working relationship that would make plaintiff uncomfortable.[3]

Plaintiff next discusses a history of highly questionable and objectionable social media posts that Lt. Bowsza has allegedly made and provides screen shots of two such comments. (Dkt. #56 at 4-5). While the Court does not believe that the comments that were allegedly made by Lt. Bowsza are acceptable, there is no indication that those comments were made to, about, or directed at plaintiff. As defendant notes in its brief, Lt. Bowsza has twice attended plaintiff's previous depositions as the City of Hartford's corporate representative.[4] (Dkt. #55 at 4.) Plaintiff's motion does not indicate that Lt. Bowsza said or

---

[3] In Guillebeaux, the plaintiff alleged harassment by a former colleague at H.E.L.P. Homeless services ("HELP"). HELP's vice president of human resources ("Mr. Lirette") attended plaintiff's deposition as HELP's corporate representative. Plaintiff, who alleged that she interacted with Mr. Lirette in the course of her employment, moved to preclude Mr. Lirette from attending the continued deposition so that she would not be prejudiced by the effects of his presence. The Court denied the motion. As the decision in Guillebeaux illustrates, the plaintiff in Guillebeaux provided the court with more specific and detailed facts than Plaintiff West has provided in the instant case. Guillebeaux, 2020 WL 4731420, at *1-3.

[4] Defendant notes that plaintiff did not object to Lt. Bowsza's presence at the two prior depositions. The Court agrees with plaintiff that plaintiff's failure to object to Lt. Bowsza's presence at those depositions does not operate as a waiver of plaintiff's right to object to Lt. Bowsza's potential attendance at the current deposition.

did anything inappropriate during the prior depositions. *See* Guillebeaux v. H.E.L.P. Homeless Servs. Corp., No. 19CIV1744 (LAP)(SLC), 2020 WL 4731420, at *3 (S.D.N.Y. Aug. 14, 2020) ("Plaintiff has not alleged that Mr. Lirette said or did anything inappropriate or unprofessional during the prior six hours of her deposition testimony, and therefore has not shown a basis to issue a protective order under Federal Rule of Civil Procedure 26.")

Finally, because Lt. Bowsza might learn private information while attending plaintiff's deposition, plaintiff has expressed a concern that Lt. Bowsza will spread that information within the Hartford Police Department. (Dkt. #56 at 9.) Plaintiff has failed to provide any specific facts that would suggest that Lt. Bowsza has such a propensity or would do such a thing. As noted earlier, Lt. Bowsza has twice attended plaintiff's previous depositions as the City of Hartford's corporate representative. (Dkt. #55 at 4.) Plaintiff has not alleged that Lt. Bowsza disclosed or spread any private information from those depositions or did anything improper. Without more specific and detailed facts, plaintiff's generalized concerns are insufficient to meet his burden of establishing good cause to exclude Lt. Bowsza from the continued deposition.[5] *See* Jerolimo

---

[5] Some of the documents suggest that, during prior depositions, Lt. Bowsza was asked to step out of the room during particularly private

v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006)("plaintiff's mere conclusory statement, unsupported by any particular and specific demonstration of fact, that a party might tailor its testimony to conform with previously recorded statements does not rise to the level of good cause.")

All the concerns raised by plaintiff may very well be genuine to plaintiff, but that is not for the Court to determine.  The question is whether plaintiff has met his burden of showing good cause. Plaintiff's conclusory statements and broad allegations of harm, which are unsubstantiated by specific examples, are insufficient to meet his burden of proof. The City of Hartford is entitled to have a party representative attend the deposition and the Court will not disturb that selection based on generalized and unspecified concerns.

For the reasons stated above, plaintiff's motion for a protective order is DENIED.

SO ORDERED this 27th day of November 2024, at Hartford, Connecticut.

                                                          _____/s/_____
                                                         Robert A. Richardson
                                                         United States Magistrate Judge

---

testimony provided by plaintiff.  The documents also indicate that Lt. Bowsza complied with the request. The Court hopes that professional and respectful counsel will be able to continue to operate in such a courteous and respectful manner.

9